# SUPERIOR COURT

## of the

## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)739-5333

February 26, 2016

Zachary A. George, DAG
Department of Justice
102 West Water Street
Dover, DE 19904

J'Aime L. Walker, Esq.
Office of the Public Defender
45 The Green
Dover, DE 19901

> Re: *State v. Mykal Dempster*
> *ID No. 1505012037*

Dear Counsel:

The Court has reviewed and considered the Defendant's motion to suppress and the State's response. After a hearing and consideration of the parties' written submissions, the Court denies the defendant's motion to suppress.

On May 17, 2015, Defendant Mykal Dempster (hereinafter "Defendant") was a passenger in a vehicle that was the subject of a traffic stop by Officer Martinek (hereinafter "Officer") from the Dover Police Department. The Officer ran the plate of a gold Honda Accord and learned that the vehicle's owner had a suspended license. At the time, the vehicle was in fact driven by someone other than its registered owner with the suspended license. The Defendant was a passenger in the vehicle. After (1) the challenged initial stop and (2) some further observations providing unchallenged probable cause for a search and arrest, the Officer arrested the Defendant for possession of a firearm and firearm ammunition by a person prohibited and possession of Marijuana.

Defendant moved to suppress all evidence seized after the challenged stop.

Defendant argues that the stop was unlawful because it was pretextual in nature. Furthermore, Defendant also argues that the Officer lacked reasonable articulable suspicion to conduct the stop. Defendant asserts that the mere knowledge that a registered owner's license was suspended does not create reasonable suspicion that the owner was the one driving. The State opposed Defendant's motion to suppress asserting that the initial stop was supported by reasonable suspicion and Defendant's subsequent arrest was supported by independent facts giving the Officer probable cause to arrest the Defendant.[1]

The Fourth Amendment of the United States Constitution requires that a traffic stop and any subsequent police investigation be justified at its inception.[2] A traffic stop by the police must be justified by a reasonable suspicion of criminal activity and must be reasonable in its scope.[3] When a police officer conducts a traffic stop, he seizes the car as well as its occupants and may request any passenger to provide identification and/or exit the vehicle.[4] "[A]ny investigation of the vehicle or its occupants beyond that required to complete the purpose for the [initial] stop constitutes a separate seizure that must be supported by independent facts sufficient to justify the additional intrusion."[5]

In Delaware, an officer is permitted to arrest an individual if the officer has reasonable grounds to believe that the individual committed a misdemeanor in the officer's presence, such as driving with a suspended license.[6] Furthermore, the Superior Court,

---

[1] At the suppression hearing, in addition to the arguments in the State's written response, the State raised the issue of whether Defendant had standing to challenge the initial stop of the vehicle since he was not the vehicle's driver or owner. The State aptly cites *Chisholm v. State*, 988 A.2d 937 (Del. 2005) and *Jarvis v. State*, 600 A.2d 38 (Del. 1991) in support of its argument that the motion should be denied based on the Defendant's lack of standing. The Defendant, however, cites *Brendlin v. California*, 551 U.S. 249, 259 (2007) for the premise that "a passenger may bring a Fourth Amendment challenge to the legality of a traffic stop." Although the more recent *Chisolm* decision does not address the *Brendlin* case and the two apparently conflict, this decision does not turn on the standing issue. Here, the stop was based on reasonable articulable suspicion and the Court will not address standing.

[2] *Dunlap v. State*, 812 A.2d 899, *2 (Del. 2002) (TABLE).

[3] *Stafford v. State*, 59 A.3d 1223, 1227 (Del. 2012)

[4] *Id*.

[5] *Dunlap*, 812 A.2d 899, at *2.

[6] *Brown v. State*, 2014 WL 5099648, at *1 (Oct. 9, 2014) (Slip Copy).

in *State v. Perry*[7], held that a *Terry* level traffic stop based on "a police officer's knowledge that a motor vehicle's owner has a suspended license is a reasonable articulable basis..." for conducting a stop.[8]

Here, the Court finds after a suppression hearing that the Officer had reasonable articulable suspicion that the driver of the vehicle had a suspended license. Namely, the Officer was patrolling for a click-it or ticket overtime program, where officers specifically patrol for traffic violations including failure to wear seatbelts, driving with suspended licenses, or expired vehicle registrations.

During his patrol on Northbound Bay Rd., the Officer accessed the registration information for the gold Honda Accord at issue. Through this search, he was presented with the vehicle's registration information, the vehicle owner's license information, and the description of the owner including her sex, date of birth, height, eye color and weight. The Court finds credible the officer's testimony that the information he accessed while driving his police vehicle contained no mention of race. When the Officer pulled this information for the gold Honda Accord, he saw that the owner's license had been suspended. He then compared the description of the owner to what he could see of the driver and they matched. The Court finds that the officer had reasonable suspicion to then conduct the traffic stop. He reasonably believed that the driver of the vehicle was the owner of the vehicle who was driving with a suspended license. That the driver and the owner were later revealed as having different racial backgrounds and some different characteristics does not make the Officer's actions unreasonable. It is not reasonable to require an officer observing a driver in a moving vehicle to conduct the equivalent of a photo lineup. The initial stop was justified by a reasonable articulable suspicion of a traffic violation and did not violate the Fourth and Fourteenth Amendment rights of the driver or those of any passenger in her vehicle.

Finally, the Defendant challenges the motion based on the holding in the Superior Court case *Heath v. State*.[9] After a hearing in this case, the Court finds that there was no evidence of a pretextual stop and the holding in *Heath* is not at issue in this case. The motivation of the stop at issue was a reasonable articulable suspicion that the car was driven by a driver without a valid license.

The Defendant's motion challenged only the reasonableness of the initial stop. For

---

[7] *State v. Perry*, Del. Super., Cr. A. No. 0805041047, Graves, J. (Oct. 7, 2008) (Letter Op.).

[8] *Id.*

[9] 929 A2d 390 (Del. Super. 2006)

that reason, the arrest of the occupants and any accompanying searches are not addressed.

For the above-mentioned reasons, the Defendant's motion to suppress is **DENIED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge
